IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERESE MARIE MEADOWS                                      PETITIONER

v.                          Case No. 5:05CV00156 JMM

LARRY NORRIS, Director,
Arkansas Department of
Correction                                               RESPONDENT

## ORDER  DENYING 
## CERTIFICATE OF APPEALABILITY

Petitioner has filed an application for a certificate of appealability (DE # 30).  For

the reasons that follow, the Court denies the application.

On May 11, 2005, Petitioner filed a petition for writ of habeas corpus in this Court

pursuant to 28 U.S.C. § 2254.  She raised the following grounds for relief:

1.     The trial court erred by denying Petitioner's motion for mistrial and
       convicting her of capital murder after the jury returned inconsistent
       verdicts finding her guilty of both capital murder and second-
       degree murder while simultaneously acquitting her of first-degree
       murder;

2.     Trial counsel was ineffective for failing to advance a proper and
       timely objection on the issue of inconsistent verdicts;

3.     Petitioner's constitutional rights were violated by the State's failure
       to submit a capital murder verdict form which clearly defined which
       capital murder statute she was convicted of violating;

4.    *Apprendi v. New Jersey*[1] was violated because:

   a.    The State failed to prove each and every element of capital-felony murder and arson;

   b.    Petitioner's arson conviction was constitutionally deficient because no arson instruction was provided to the jury;

   c.    Petitioner's arson conviction was constitutionally deficient because no non-hearsay evidence was presented to prove that she committed arson;

   d.    Petitioner's capital-felony murder conviction was constitutionally deficient because the State failed to provide an arson instruction to the jury; and

   e.    Petitioner's capital-felony murder conviction was constitutionally deficient because the State failed to prove the underlying felony of arson;

5.    Counsel was ineffective for failing to timely raise and object to the issues raised in Claim 4 at trial and for failing to raise the issues on appeal; and

6.    The trial court violated *Wong Sun v. United States*[2] by erroneously admitting inadmissible hearsay statements made by co-defendant Dale Meadows, which were "<u>not</u> made during and in furtherance of the conspiracy."

By an order and judgment entered on September 20, 2007, this Court adopted the findings and recommendations of Magistrate Judge Forster and dismissed Petitioner's petition with prejudice. The Court dismissed Claims 2, 3, 4 (other than Petitioner's due process challenge to the sufficiency of the evidence to support her

_____

[1]    In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

[2]    371 U.S. 471 (1963).

convictions for arson and capital-felony murder), 5, and 6 as procedurally barred. The Court rejected, on the merits, Claim 1, Petitioner's claim that the trial court erred by denying her motion for mistrial and convicting her of capital murder after the jury returned inconsistent verdicts finding her guilty of both capital murder and second-degree murder while simultaneously acquitting her of first-degree murder.  The Court also rejected, on the merits, Petitioner's due process challenge to the sufficiency of the evidence to support her convictions for arson and capital-felony murder. Relying on the United States Supreme Court's decisions in *Dunn v. United States*, 284 U.S. 390 (1932), *Harris v. Rivera*, 454 U.S. 339 (1981), and *United States v. Powell*, 469 U.S. 57 (1984), the Court found that Claim 1 "does not implicate the Constitution." These decisions establish that there is no violation of a defendant's constitutional rights even if a jury's verdicts are inconsistent so long as the evidence before the jury was constitutionally sufficient to convict her.  This Court found that the evidence was constitutionally sufficient to convict Petitioner of arson, capital-felony murder with arson as the underlying felony, and premeditated capital murder. The Court, applying the provisions of 28 U.S.C. § 2254(d) mandating deference to state court adjudications, found that Petitioner failed to show that the Arkansas Supreme Court's adjudication of her claim that the trial court abused its discretion in denying her motion for mistrial because the jury returned inconsistent verdicts is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. The Court also found that Petitioner failed to show that the Arkansas Supreme Court's adjudication of her sufficiency of the evidence claim is contrary to, or involved an unreasonable application of, clearly established federal

law, as determined by the Supreme Court of the United States.  Finally, the Court found that Petitioner failed to demonstrate that the Arkansas Supreme Court's adjudication of her claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner seeks a certificate of appealability on Claim 1, her claim that the trial court erred by denying her motion for mistrial and convicting her of capital murder after the jury returned inconsistent verdicts finding her guilty of both capital murder and second-degree murder while simultaneously acquitting her of first-degree murder. She also seeks a certificate of appealability on Claims 4(d) and 4(e). In Claim 4(d), she contended that *Apprendi* was violated because her capital-felony murder conviction was constitutionally deficient because the State failed to provide an arson instruction to the jury. In Claim 4(e), Petitioner contended that *Apprendi* was violated because her capital-felony murder conviction was constitutionally deficient because the State failed to prove the underlying felony of arson.[3]

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). "Where a district court has rejected the constitutional claims

---

[3] The Court notes that Petitioner refers to Claims 4(d) and 4(e) as "Claim Two" even though the Court numbered them Claims 4(d) and 4(e).

on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484; *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).   In order to obtain a certificate of appealability on a claim that the district court denied on procedural grounds without reaching the underlying merits of the constitutional claim, a petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484 (emphasis added); *Khairmov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002).   In making this two part inquiry, a court may proceed first "to resolve the issue whose answer is more apparent from the record and arguments. *Slack*, 529 U.S. at 485.

In Claim 1, Petitioner contended that the trial court erred by denying her motion for mistrial and convicting her of capital murder after the jury returned inconsistent verdicts finding her guilty of both capital murder and second-degree murder while simultaneously acquitting her of first-degree murder. Relying on the United States Supreme Court's decisions in *Dunn*, *Harris*, and *Powell* and giving deference to the Arkansas Supreme Court's adjudication of Claim 1 pursuant to 28 U.S.C. § 2254(d), this Court rejected the claim on the merits. The Court finds that Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of Claim 1 debatable or wrong.

The Court also rejected, on the merits, Petitioner's due process challenge in

Claim 4(e) to the sufficiency of the evidence to support her conviction for capital-felony murder.  Utilizing the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), the Court found that the evidence was constitutionally sufficient to convict Petitioner of capital-felony murder with arson as the underlying felony. The Court also found that Petitioner failed to show that the Arkansas Supreme Court's adjudication of her sufficiency of the evidence claim is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. The Court finds that Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of her due process challenge to the sufficiency of the evidence to support her conviction for capital-felony murder debatable or wrong.

In Claim 4(d), Petitioner contended that *Apprendi* was violated because her capital-felony murder conviction was constitutionally deficient in that the State failed to provide an arson instruction to the jury.  The Court dismissed this claim as procedurally barred, finding that Petitioner did not "fairly present" the claim in state court. In Claim 4(e), Petitioner contended that *Apprendi* was violated because her capital-felony murder conviction was constitutionally deficient because the State failed to prove the underlying felony of arson. The Court found that any claim raised in Claim 4(e), other than a due process challenge to the sufficiency of the evidence to support her convictions for arson and capital-felony murder, was procedurally barred.

Petitioner argues that her claims are not procedurally barred because under Ark.

Sup. Ct. R. 4-3(h),[4] the claims are "deemed" to have been reviewed on the merits by the Arkansas Supreme Court, based upon the Arkansas Supreme Court's obligation under Rule 4-3(h) to "review the entire record for prejudicial error." In support of this argument, Petitioner cites the Eighth Circuit's decision in *Collins v. Lockhart*, 754 F.2d 258 (8th Cir. 1985). In *Collins*, the petitioner's counsel raised a "pecuniary-gain argument" at trial, but the argument was not raised in the petitioner's brief on direct appeal, and the Arkansas Supreme Court's opinion affirming the petitioner's conviction did not mention the argument expressly. The Eighth Circuit found that the argument was not procedurally barred because the Arkansas Supreme Court followed its practice

---

[4] Rule 4-3(h) provides:

> When the sentence is death or life imprisonment, the Court must review all errors prejudicial to the appellant in accordance with Ark. Code Ann. § 16-91-113(a). To make that review possible, the appellant must abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed for an understanding of each adverse ruling. The Attorney General will make certain and certify that all of those objections have been abstracted, or included in the Addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

Ark. Code Ann. § 16-91-113(a) (Repl. 2006) provides:

> The Supreme Court need only review those matters briefed and argued by the appellant, except that where either a sentence for life imprisonment or death has been imposed the Supreme Court shall review all errors prejudicial to the rights of the appellant.

of reviewing, pursuant to Ark. Stat. Ann. § 43-2725 (Supp. 1973),[5] all points properly raised at trial, whether or not argued in the brief on direct appeal. *Collins*, 754 F.2d at 262.  Where an appellant has been sentenced to death or life imprisonment, it is the Arkansas Supreme Court's established practice of reviewing the record, pursuant to Rule 4-3(h), "for all errors raised in the trial court that are prejudicial to the appellant regardless of whether the errors are raised on appeal." *Greene v. State*, 335 Ark. 1, 10, 977 S.W.2d 192, 195 (1998). The Arkansas Supreme Court has a "duty, pursuant to Ark. Sup. Ct. R. 4-3(h), to examine the record for error on objections decided adversely to the appellant, not to address arguments that might have been made." *Tillman v. State*, 364 Ark. 143, 147, 217 S.W.3d 773, 775-76 (2005) (holding that the appellant's argument, that the evidence was insufficient to support his conviction because there was insufficient corroboration of accomplice testimony, was barred because he did not specifically challenge the State's evidence corroborating the accomplice testimony in his directed-verdict motion); *Woolbright v. State*, 357 Ark. 63, 78 n. 2, 160 S.W.3d 315, 325 n. 2 (2004) (review under Rule 4-3(h) is limited to arguments and points of error raised by the appellant at trial).

The Arkansas Supreme Court's review under Rule 4-3(h) is limited to issues

---

[5]  Ark. Stat. Ann. § 43-2725, which is now codified in Ark. Code Ann. § 16-91-113(a) (Repl. 2006), provided:

> The Supreme Court need only review those matters briefed and argued by the appellant provided that where either a sentence for life imprisonment or death, the Supreme Court shall review all errors prejudicial to the rights of the appellant.

actually raised in the trial court.  Petitioner did not argue, in the trial court, that *Apprendi* was violated because her capital-felony murder conviction was constitutionally deficient in that the State failed to provide an arson instruction to the jury, that the State failed to provide an arson instruction to the jury, that her constitutional rights were violated because the jury was not given an arson instruction, or that *Apprendi* was violated because her capital-felony murder conviction was constitutionally deficient in that the State failed to prove the underlying felony of arson. Accordingly, the Arkansas Supreme Court did not review these claims on the merits under Rule 4-3(h), and the claims are procedurally barred.  In so finding, it is important to note that habeas jurisprudence after *Collins v. Lockhart* casts doubt on the viability of its holding that an argument not raised on direct appeal nor expressly addressed by the state appellate court is preserved for review if the petitioner raised the argument at trial and the state appellate court followed its practice of reviewing all points properly raised at trial, whether or not argued in the brief on direct appeal.  The United States Supreme Court has since made it clear that a habeas petitioner, in order to preserve a claim for federal habeas review, must "fairly present" his federal claim to the appropriate state appellate court in his appellate brief, "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower opinion in the case, that does so"). *See also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court

trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court"). The Supreme Court also has held that where the petitioner did not properly present his federal claim to the appropriate state appellate court and that court did not "expressly address" the claim, the claim is not preserved for review. *Adams v. Robertson*, 520 U.S. 83, 86 (1997).  In *Bell v. Cone*, 543 U.S. 447 (2005), the United States Supreme Court emphasized, albeit in *dicta,* that the burden is on the petitioner to present his federal claim to the appropriate state appellate court in order to preserve it for review, notwithstanding the fact that the state appellate court could have addressed the claim without its having been raised by the petitioner. In *Bell*, the Sixth Circuit concluded that the petitioner's argument, *i.e.*, that one of the aggravating circumstances was unconstitutionally vague under the Eighth Amendment, was not procedurally defaulted because the Tennessee Supreme Court's "statutorily mandated review of each death sentence [citation omitted] necessarily included the consideration of constitutional deficiencies in the aggravating circumstances found by the jury and therefore that the issue was 'fairly presented' to the state court, even if [petitioner] did not raise it himself." *Bell*, 543 U.S. at 451. The State argued to the United States Supreme Court that "the Sixth Circuit's conclusion in this regard is in tension with the decisions of other Courts of Appeals, which have held that a petitioner must raise his constitutional claim in state court in order to preserve it, notwithstanding the existence of a mandatory-review statute."[6] *Id.* at 451

---

[6]  Several federal Courts of Appeal have held that statutorily-mandated independent review on direct appeal by a state appellate court for errors or defects is not sufficient to preserve a claim for federal habeas view where the petitioner failed to

n. 3. While the Supreme Court in *Bell* found it unnecessary to "express a view on this point," the Court emphasized that "as a general matter, the burden is on the petitioner to raise his federal claim in the state courts at a time when state procedural law permits its consideration on the merits, even if the state court could have identified and addressed the federal question without its having been raised." *Id.* (citing *Baldwin v. Reese*, 541 U.S. at 30-32).

In conclusion, the Court finds that Petitioner has not shown that jurists of reason would find it debatable whether this Court was correct in its ruling that Claim 4(d) and Claim 4(e) (other than a due process challenge to the sufficiency of the evidence to support her convictions for arson and capital-felony murder) are procedurally barred.

THEREFORE, the Court denies Petitioner's application for a certificate of appealability.

IT IS SO ORDERED this 9th day of November, 2007.

UNITED STATES DISTRICT JUDGE

---

present the claim to the state appellate court. *Moormann v. Schriro*, 426 F.3d 1044, 1057-58 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 2984 (2006); *Kornahrens v. Evatt*, 66 F.3d 1350, 1362 (4th Cir. 1995); *Julius v. Johnson*, 840 F.2d 1533, 1546 (11th Cir. 1988).